THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 William T.
 Hunter,        Appellant,
 
 
 

v.

 
 
 
 Chester County Council,
 Chester County Auditor, Chester County Treasurer, The Board of Fire
 Control for Chester County, Chester County Rural Fire Commission, and
 Chester County Manager Crandall O. Jones, individually and in their
 official capacity,       
 Respondents.
 
 
 

Appeal From Chester County
Paul E. Short, Jr., Circuit Court Judge

Unpublished Opinion No.
2005-UP-486
Submitted August 1, 2005  Filed August 15, 2005   

AFFIRMED

 
 
 
 William T. Hunter, of
 Richburg, for Appellant.
 Milton E. Hamilton, of
 Chester, for Respondents.
 
 
 

PER CURIAM:  This is a pro
se declaratory judgment action challenging certain actions of Chester
County, its agencies and its officers.  We affirm pursuant to Rule
220(b)(2), SCACR, and the following authorities:
1.      
The issue of whether the trial judge should have recused himself is not
preserved for review:  Wilder Corp. v. Wilke, 330 S.C. 71, 76,
497 S.E.2d 731, 733 (1998) (holding that an issue not raised to or ruled
upon by the trial court is not preserved for appeal).
2.      
The issue of whether the trial court erred in finding that the County Council
complied with the requirements of the law with respect to its annual fiscal
reports and its 2003-04 budget:  S.C. Code Ann. § 4-9-140 (1986)
(providing the procedure for adoption of budgets and levying and collection of
taxes); and S.C. Const. art. X, § 5 (requiring that any tax levied must
distinctly state the public purpose to which the proceeds are to be
applied). 
3.      
The issue of whether the trial court erred in finding that the Countys
calculation of the tax rate mill was proper:  County of Lee v. Stevens,
277 S.C. 421, 289 S.E.2d 155 (1982) (holding that the County Council has
authority to set the tax rate and noting that not all property taxes are ever
collected). 
4.      
The issue of whether the trial court erred in finding that the Countys
calculation of tax rate for retirement of general obligation bonds was
proper:  County of Lee v. Stevens, 277 S.C. 421, 289 S.E.2d 155
(1982) (same analysis as in issue 3). 
5.      
The issue of whether the trial court erred in finding that the county ordinance
establishing the Fire Control Board is within the scope of statutory
authority:  S.C. Code Ann. § 4-9-170 (1986) (granting authority to the
county council to provide by ordinance for the appointment of county boards).
AFFIRMED. [1]
ANDERSON, HUFF, and WILLIAMS, JJ.,
concur.   

[1] We decide this case without oral argument pursuant to Rule 215,
SCACR.